UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM P. POLITO,

                              Plaintiff,

   - vs -

THE HANOVER INSURANCE GROUP, INC.,
d/b/a THE HANOVER INSURANCE GROUP,

                              Defendant.

**ECF CASE**

**PETITION FOR REMOVAL
BY DEFENDANT**

Civ. Action No.

        Defendant, Hanover Insurance Company, incorrectly sued herein as "The

Hanover Insurance Group, Inc., d/b/a/ The Hanover Insurance Group" ("Hanover"), for

purposes of removing this action from the Supreme Court of the State of New York,

County of Monroe, in which it is now pending, to the United States District Court for the

Western District of New York, respectfully states, shows and petitions to the Court as

follows:

        1.      State Court Action.  This is an action originally filed on or about

March 7, 2018, in New York State Supreme Court, County of Monroe, Index No.

E2018/001399, being a suit originally entitled and styled as *William P. Polito, Plaintiff, v.*

*The Hanover Insurance Group, Inc., d/b/a/ The Hanover Insurance Group, Defendant.*

A copy of the summons and complaint, less exhibits, filed with the Monroe County

Clerk's Office on March 7, 2018 is annexed hereto as **Exhibit A**.

        2.      Federal Jurisdiction.  Upon information and belief, the plaintiff is a

natural person residing in the County of Monroe and State of New York.  Hanover

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

Insurance Company is a corporation, incorporated in the State of New Hampshire with its headquarters and principal place of business in the State of Massachusetts. According to plaintiff's own complaint, the amount in controversy and the amount in damages being sought by plaintiff in this action exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a), and this civil action is one which may be removed pursuant to 28 U.S.C. § 1441.

3.      Timeliness of Removal Petition. Plaintiff's summons and complaint were served on the New York Secretary of State, as the statutory agent of Hanover Specialty Insurance Brokers, Inc., on March 16, 2018, as shown by the State of New York, Department of State, Division of Corporation's acknowledgement of service attached hereto as **Exhibit B.** Perhaps due to the plaintiff's misidentification of the proper insurer defendant, Hanover Insurance Company did not receive the summons and complaint, however, until April 6, 2018. A copy of the April 6, 2018 email Hanover received from its process agent, CT Corporation, is attached hereto as **Exhibit C**. As such, removal of this action is timely under 28 U.S.C. § 1446(b)(1), as made within 30 days of the defendant's receipt of the plaintiff's summons and complaint. See, _Medina v. Wal-Mart Stores, Inc._, 945 F. Supp. 519, 520-521 (WDNY 1996).

4.      Relief Requested. For   the   foregoing   reasons,   defendant respectfully requests that the United States District Court for the Western District of New York accept this Petition for Removal, remove this case and action from the New York

MURA&STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

Supreme Court, County of Monroe, and take and assume jurisdiction over this matter and issue such further orders and processes as may be necessary to the trial and conclusion thereof.  This Petition for Removal is submitted and filed without waiver of procedural or substantive defenses which are or may become available to the defendant.

DATED:     Buffalo, New York
           May 1, 2018

                              s/Roy A. Mura
                              Roy A. Mura, Esq.

                              MURA & STORM, PLLC
                              *Attorneys for Defendant*
                              930 Rand Building
                              14 Lafayette Square
                              Buffalo, New York 14203
                              (716) 855-2800
                              roy.mura@muralaw.com

cc:    William P. Polito, Esq.
       *Pro Se Plaintiff*
       1124 Brooktree Lane
       Webster, New York 14580

- 3 -

# *EXHIBIT A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

WILLIAM P. POLITO,
1124 Brooktree Lane
Webster, New York 14580

         Plaintiff,

     -against-

THE HANOVER INSURANCE GROUP INC.,
d/b/a/ THE HANOVER INSURANCE GROUP
440 Lincoln Street
Worcester, MA 01653

         Defendant.

Index No. **E 2018 001399**

**SUMMONS**

Date Summons Filed: **March 7, 2018**

Plaintiff designates Monroe County as
the place of trial.

The basis of venue is Plaintiff's personal
address and transactions and occurrences
between the parties that occurred in
Monroe County.

*To the above named Defendant:*

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on Plaintiff's Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Date:   February 22, 2018
      Rochester, New York

              William P. Polito Esq.
              *Pro Se Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

_____

WILLIAM P. POLITO,

                Plaintiff,

      -against-

THE HANOVER INSURANCE GROUP INC.,

d/b/a The Hanover Insurance Group

                Defendant.

_____

Index No. **E 2018 001399**

**VERIFIED COMPLAINT**

Jury Trial Demanded

      Plaintiff, William P. Polito, as and for his Verified Complaint against Defendant, The

Hanover Insurance Group, alleges as follows:

### THE PARTIES

      1.     Plaintiff William P. Polito (herein, "Plaintiff" or "Plaintiff Polito" or "The

Insured") is an individual residing at 1124 Brooktree Lane, Webster, New York.

      2.     Upon information and belief, Defendant, The Defendant Hanover Insurance

Group Inc, d/b/a The Hanover Insurance Group (herein "Defendant" or "Defendant Hanover" or

"The Insurer") is a Holding Corporation for several property insurance companies, the relevant

one which is the Hanover Insurance Company, and are New York Insurance Companies with

principal places of business located in New York, and in Massachusetts at 440 Lincoln Street,

Worcester, MA, 01653.

      3.     Upon information and belief at all times pertinent to this action Defendant

Hanover, and The Hanover Insurance Company were authorized by the New York State

Insurance Department to issue, sell and provide insurance policies within the State of New York.

4.      The Defendant Hanover issued a Property Owner policy of insurance with coverage provided by the Hanover Insurance Company, Number HNS A661560 (herein, the "Policy"), which was effective during the policy period of June 20, 2017 through June 20. 2018, (herein the "policy period"), a copy of which is attached as Exhibit A, pages 1-21, and Exhibit B, pages 1-18.

5.      Through the Policy, Defendant Hanover contracted to provide Plaintiff Polito with $330,000 in property coverage for Plaintiff Polito's single family residential dwelling and personal property located at 1124 Brooktree Lane, Webster, New York (property) See Exhibit A, "Renewal Declarations," page 10.

6.      During the Policy Period, on or about August 3, 2017, the dwelling and personal property therein sustained substantial water damage in the finished basement area and below due to a sudden accidental discharge or overflow of water from the plumbing system due to a clogged plumbing pipe located on the premises.

7.      The Loss is a "Covered Cause of Loss," within the meaning of the Policy.  Loss is defined in Form H10 00 03 0491, and is set forth in two places therein:

> a.)     "**10 (k) Accidental discharge or overflow of water or steam** from within a plumbing ... system.... "See Exhibit A (2) attached, page 6 of 18, and also

> b.)     "**12. Accidental discharge or overflow of water or steam from** within a plumbing ... system...." See Exhibit A (2) attached, page 8 of 18, Section I entitled "Perils Insured Against"

8.    Such coverage extends to overflows from within a plumbing system, which occurs on the insured's property. See Exhibit A(2) attached, paragraph **10(k)** on page 6 of 18; See similarly Exhibit A(2), paragraph 12, on page 8 of 18.

9.    On or about August 3, 2017, Plaintiff Polito gave notice to Defendant Hanover of the basement water entry and damage, and to Gerard Smith Agency Inc, the agent referenced in the Policy's Declarations.

10.    Defendant Hanover's Claim Representative, Ms. Jaime McKay (herein "McKay"), approximately 10 days later, after the water had receded, visited the premise and took pictures of the basement site.

11.    McKay advised Plaintiff Polito that all water basement damage claims were customarily rejected under their policy coverage, unless it was caused by a sump pump.

12.    However, McKay further advised she would consult with her supervisor, Mr. McGowan (herein "McGowan"), who was more familiar with the policy provisions, and render a decision.

13.    By letter dated August 17, 2017 the claim was denied (i.e., the "Denial Letter"), a copy of which is attached as Exhibit B.

14.    The denial was made purportedly after a "thorough review" of Plaintiff Polito's policy and its "endorsements."

15.    The claim was denied based on the insurer's interpretation of two water damage clauses (water clauses) to the extent that all and any water entering into the premises below the surface of the ground (sub surface) is excluded from policy coverage, regardless of the originating cause of the water, or whether the cause originated on or off the insured premises. Those water exclusion clauses are two fold.  First, number one (1) is Homeowners 3 Special

Form HO 003 03 0491 Section I – Exclusions 1.3 c (3); and then second, number two (2) is
Endorsement 231-5761 (03/12), Water Back up and Sump Discharge or Overflow, D1.3. and (2).
See Exhibit B, page 1 of 2.

16.    Upon further inquiry by Plaintiff Polito regarding the basis of the denial, McKay
referred Plaintiff Polito to her supervisor McGowan for further response.

17.    Plaintiff Polito then engaged in an e-mail inquiry exchange with supervisor
McGowan as part of the claim and settlement process. See Exhibit C.

18.    Plaintiff Polito specifically requested copies of the water damage exclusions,
which defendant relied upon for its interpretation, and, also, specifically, requested assistance
whether there was other coverage language in the policy relating to "water overflow", and
"plumbing", which might be applicable to the loss.

19.    McGowan responded to  the request for copies of the two water damage exclusion
requests by providing a full copy of the endorsement exclusion - Endorsement 231-5761 (03/12),
Water Back up and Sump Discharge or Overflow -- but, most importantly, as to the second, only
provided a selected portion of the pages 8 and 9 from the policy itself, which while it contained
the second exclusion in Form H0 00 03, was so overly magnified as to omit and not disclose  the
coverage of plaintiff's plumbing overflow coverage clause, contained elsewhere on the same
page 8.  See Exhibit D(1) and D(2).

20.    Additionally, McGowan was intentionally not responsive to the specific request
as to any coverage provisions in the policy relating to loss from "overflow" or "plumbing."

21.    Instead, McGowan's responses were intentionally so vague and misleading to the
insured as to intentionally and negligently  not disclose to Plaintiff Polito that the policy
contained coverage in the aforesaid two plumbing and overflow coverage clauses in the policy

for sub surface water damage loss caused by water overflow from the plumbing system, when the overflow originated on the insured's property.

22.   Those misleading, evasive, and false statements, included, but not exclusive, are: Statements of no overflow coverage, and evasion of disclosure of plumbing overflow coverage:

a.)   Plaintiff Polito 8/22/17 4:58 pm -- "can you advise me under what circumstances I would have coverage under my policy for any Back Up or Overflow damages. I believe it is a reasonable request by any policy holder." See Exhibit C, page 8 of 20.

(i)   McGowan response - "The basic Homeowners policy excludes this type of loss (... overflow)" per McGowan's e-mail dated 9/4/17 8:33 pm. See Exhibit C, page 9 of 20.

(ii)   McGowan on 9/4/17 at 8:33 pm "...you get limited coverage. This coverage is spate from the water/ground water/flooding/seepage exclusion, but related to plumbing & sump items." See Exhibit C, page 9 of 20.

(iii)   Plaintiff Polito on 9/05/17 7:28 am, request by Polito for further clarification of the above "in layman's language." See Exhibit C, page 10 of 20. McGowan on 9/5/17 7:10 pm, refused to further clarify in what way the inclusion related to "spate" and to "plumbing & sump items" and, further refused to especially" identify as to where "overflow" or the "plumbing" coverage clauses were contained in the policy, and what "coverage I have," including the "exact language and location in the policy." See Exhibit C, page 11 of 20; See also Exhibit C, page 13 of 20.

b.)   McGowan, also, upon notification of overflow of the clogged plumbing on

Plaintiff Polito's premises as the real cause of the loss, refused to further

discuss or disclose the basis of his interpretation of the water damage

exclusion clause, or to share the relevant information, if any, in his or

McKay's report "without a court order". See Exhibit C, page 15 of 20.

23.   On September 12, 2017, Plaintiff Polito advised McGowan that he had retained a

plumber to determine the cause, and to repair it in order to prevent additional water entry damage

into the basement as required by the policy. See Exhibit C, page 13 of 20.

24.   The plumber advised that the cause was an overflow of water into the basement

from a clogged plumbing pipe in the plumbing system located on the premises approximately

seven (7) feet underground.

25.   Attached hereto as Exhibit E dated September 12, 2017 is the Plaintiff Polito's

report from the plumber showing the clogged pipe and the basis of the basement water issue,

submitted to McGowan on the same date.

26.   Prior to completing the repair Plaintiff Polito on September 12, 2017 invited

McGowan personally or through representatives to observe the digging up of the totally clogged

Plumbing pipe and its replacement with a plumbing clean-out pipe.

27.   McGowan declined such opportunity of observation to confirm the true cause of

the loss.

28.   McGowan continued to refuse payment or to admit the existence of coverage in

the policy from overflowing of the plumbing system.

29.   Instead, McGowan, on September 13, 2017, simply reaffirmed his past position

that "all water damage caused by water below the surface of the ground, including seeping and

flow through the basement is excluded."   See generally email correspondence, and Exhibit C on page 15 of 20.

30.   McGowan referred to and reaffirmed the prior said August 17, 2017 exclusion, which he emphasized "was clearly stated (in the August 17th) denial..." although neither McGowan nor Mackay knew of the actual origination cause of the source of the water overflow into the basement at the time of the prior August 17, 2017 denial.

31.   McGowan further

   a.)   Waived any reservation of rights;

   b.)   Requested no additional proof regarding the cause of the loss or its location due to an accidental discharge or overflow from the plumbing system on Polito's property;

   c.)   Failed to acknowledge such overflow coverage in the policy;

   d.)   Refused to share what basis he had in his investigation report, if any, for relying solely on the water damage exclusion; or,

   e.)   His reason for denying that the overflow from the plumbing system on Polito's property as the cause of the water entry into the basement.

32.   The covered damages sustained in the finished basement and below consisted of real and personal property damage, but not limited to, as follows:

   a.)   drying, removal, and cleanup of water, mud, mold, paneling, carpeting, and other debris in the basement -- ServPro $1,849.29;

b.)  removal and replacement of a portion of the gravel to the

sub- gravity filter system -- remediation estimate by

Everdry Waterproofing of Upstate New York -- $19,172;

c.)  discovery of cause, location, replacement and repair of the

clogged plumbing system -- Beh Plumbing and Roto-Rooter

Plumbing and Drain Service $3500.00;

d.)  replacement of Carpeting -- $2,000, paneling -- $1,500,

copying Files -- $750, and was otherwise damaged.

33.  Defendant Hanover has made no payments to Plaintiff Polito under the Policy to

reimburse, Indemnify, or otherwise compensate Plaintiff Polito for the Loss.

## AS A FIRST CAUSE OF ACTION

### Breach of Contract

34.  Plaintiff Polito repeats and re-alleges the allegations contained in paragraphs "1"

through "33" as though set forth in full herein

35.  The Policy constituted a valid and enforceable contract between Plaintiff Polito

and Defendant Hanover.

36.  Pursuant to the terms of the Policy, Defendant Hanover was obligated to provide

insurance coverage for the "Covered Causes of Loss" as defined by the Policy, and compensate

Plaintiff Polito for covered losses he sustained during the Policy Period.

37.  The Loss Plaintiff Polito sustained on October 6, 2009, was the result of an

accidental overflow or discharge from the plumbing system on Property, which cause of loss

falls within the coverage provisions of the Policy.

38.   Plaintiff Polito sustained the Loss during the Policy Period, while the Policy was in full force and effect.

39.   At all times pertinent to this lawsuit, Plaintiff Polito complied with all of the Policy's terms and conditions, and fully performed all of his obligations pursuant to the Policy.

40.   Defendant Hanover was obligated to compensate Plaintiff Polito for the loss in accordance with the terms of the Policy.

41.   Despite its contractual obligations, Defendant Hanover denied Plaintiff Polito's claim, rejected his Proof of Loss, and failed, refused, or otherwise omitted to compensate him for the Loss pursuant to the Policy's terms.

42.   Defendant Hanover has thereby breached its contract with Plaintiff Polito, and Plaintiff Polito has been damaged by that breach in an amount to be proved at trial. But in no event less than the sum of $25,000 plus interest at the statutory rate.

## AS AND FOR A SECOND CAUSE OF ACTION

### Declaratory Judgment

43.   Plaintiff Polito repeats and re-alleges the allegations contained in paragraphs "1" through "42" as through set forth in full herein.

44.   The provision of the Policy that provides for coverage of "loss caused by the accidental discharge or overflow of water or steam from within a plumbing... system", the term "plumbing system" refers to the system of pipes located on Plaintiff Polito's Property, such as those attached to the building on the Property and the lateral lines connecting those buildings to the public waste water and sewer systems.

45.   Plaintiff Polito's Loss was occasioned by a blockage in the lateral plumbing pipes that are located on Plaintiff's Property and comprises part of the Property's plumbing system,

which caused an accidental overflow or discharge of water from within that plumbing system, and not from water through a municipal or other external waste water sewer system.

46.     Upon information and belief, the "water damage" provisions of the Policy, which exclude damages caused by water below the surface of the ground, including that which seeps or flows through the basement refers to sanitary and waste water systems outside of and/or external to the plumbing system located on Plaintiff Polito's "residence premises," such as the public sewer and waste water systems connected to and operated by the town municipality in which Plaintiff Polito's property is situated.

47.     Further, contrary to required insurance contract interpretation rules, defendant's interpretation of the exclusion to any and all subsurface water flowing into the basement would render meaningless and superfluous the explicit inclusion in the plumbing coverage clause,of basement water entry from clogged plumbing occurring on the residence premises

48.     Upon information and belief, the Loss is therefore covered under the Policy provision that provides for coverage of "loss caused by the accidental overflow or discharge from within a plumbing ... system," "occurring" and originating on the insured's property, and is not excluded by the "Water Damage' Policy Exclusion applicable to damages caused by "water which "seeps".

49.     Upon information and belief, Defendant Hanover improperly denied Plaintiff Polito's claim, rejected his Proof of Loss, and failed, refused, or otherwise omitted to compensate him for the Loss based on an erroneous and unworkable interpretation of the Policy's provisions.

50.   Defendant Hanover has therefore wrongfully failed to process Plaintiff Polito's claim and pay those amounts that it is contractually obligated to pay pursuant to the terms of the Policy.

51.   Because Defendant Hanover has denied Plaintiff Polito's claim and failed to compensate him for the damages claimed, there exists an actual and justiciable controversy between Plaintiff Polito and Defendant Hanover.

52.   Plaintiff Polito does not have an adequate remedy at law.

### THIRD CAUSE OF ACTION

**Breach of Contract - Breach of an implied covenant of Good Faith and Fair Dealing**

53.   Plaintiff Polito repeats and re-alleges the allegations contained in paragraphs "1" through "52" as through set forth in full herein

> The defendant's representation of a thorough review of Plaintiff's policy and its subsequent false misrepresentation of no coverage for "overflow" in the policy and endorsements was a breach of its duty of good faith to disclose coverage, in order to force the plaintiff to forego payment, or to retain an attorney to engage in a protracted law suit to recover payments due under its policy.

54.   Particularly relevant, is also the conduct engaged in by the Insurance Adjustor when Plaintiff Polito requested the two water damage exclusions related to the denial. While Mr. McGowan on the first endorsement sent the entire endorsement relating to back up and sump pump, on the second exclusion contained in the policy he copied only an oversized enlargement of a portion of page 8 & 9 of the policy, which page excluded coverage for overflow of plumbing, which occurred on the "residence premises' "contained on the same pages, and, which would have disclosed not only the plumbing overflow coverage to the insured, but also an inconsistency with his purported interpretation of the applicability of the "water damages" exclusion thereto. See Exhibit D(1) and D(2).

55.    The insurer's said gross, wanton, and willful moral misconduct in violation of its implied warranty and covenant of good faith and its implied contractual duty of fair dealing to its insured during the settlement process constitutes a valid claim for punitive damages, which the plaintiff herein seeks in the amount of $50,000.

## FOURTH CAUSE OF ACTION

### Breach of Contract - Breach of a New York State statutory
### standard of covenant of Good Faith and Fair Dealing

56.    Plaintiff Polito repeats and re-alleges the allegations contained in paragraphs "1" through "55" as though set forth in full herein.

57.    Based upon aforesaid conduct and statements, and upon information and belief, the defendant, has engaged in similar conduct of denial and unjustifiable exclusions to a sufficiently number of insureds in the same or similar situations so as to constitute a claim for punitive damages for violation of New York State Insurance Law, Article 26. UNFAIR CLAIM SETTLEMENT PRACTICES; OTHER MISCONDUCT, INCLUDING BUT NOT LIMITED TO §2601 (a)(1), (a)(2), (a)(3), (a)(4), (a)(5), and (a)(6), the details of which are solely contained in the Insurer's files and/or the appropriate New York State Department.

58.    Accordingly, plaintiff seeks punitive damages in the amount of $50,000.


WHEREFORE, Plaintiff Polito demands judgment against Defendant Hanover

a.)    On the First Cause of Action, in the amount of $25,000. Together with interest at the statutory rate of 9% per annum from August 3, 2017, to the date of judgment;

b.)    On the Second Cause of Action Declaring that Plaintiff Polito's Loss is a covered cause of loss under the terms of the Policy;

c.)   On the Second Cause of Action Declaring the "Water Damage" exclusion clauses are inapplicable to the Loss;

d.)   On the Second Cause of Action. Declaring Defendant Hanover's denial of coverage for the Loss improper and wrongful according to the terms of the Policy;

e.)   On the Second Cause of Action. Declaring that, Pursuant to the terms of the Policy, Defendant Hanover is obligated to compensate Plaintiff Polito for the Loss in accordance with the terms of the policy;

f.)   On the Third and Fourth Causes of Action. Punitive damages in the amount of $50,000 each.

g.)   Granting Plaintiff such other and further relief as the court may deem just equitable and proper.

Dated February 22, 2018

William P. Polito, Esq.

*William P. Polito*

## VERIFICATION

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF MONROE )

William P Polito Esq., being duly sworn, deposes and says:

I am the Plaintiff., and have read and affirm the annexed Verified Complaint and know the statements contained therein to be true to the best of my knowledge, with the exception of those matters herein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
WILLIAM P POLITO

Sworn to before me this 13nd
day of ~~March~~ , 2018
February

_____
Notary Public

JACQUELINE PHIPPS POLITO
NOTARY PUBLIC, State of New York
Reg. No. 02PO5025488
Qualified in Monroe County
My Commission Expires March 28, 20 18

# EXHIBIT B

State of New York - Department of State
Division of Corporations

Party Served:                           Plaintiff/Petitioner:
HANOVER SPECIALTY INSURANCE BROKERS,        POLITO, WILLIAM P
INC.


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,   NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/16/2018 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                        Division of Corporations

*EXHIBIT C*

**From:** SOPDelivery@wolterskluwer.com [mailto:SOPDelivery@wolterskluwer.com]
**Sent:** Friday, April 06, 2018 4:01 PM
**To:** OGCLITMAIL <ogclitmail@hanover.com>
**Subject:** C T received Process (Log # 533101906) in New York for Hanover Specialty Insurance Brokers, Inc., VA - Paperless

## CT Corporation: Service of Process Instant Notification

Click Here to access this service of process in real-time at CTAdvantage. You will be automatically routed to the SOP Hub (CT's new SOP application). Rest assured, you can access both your new and old processes here.

Or, Click Here to go to SOP Hub directly.

Jennifer Lauro
The Hanover Insurance Group
N-430, 440 Lincoln St
Worcester, MA, 01653-0002

| | |
|---|---|
| **PROCESS SERVED IN:** | New York |
| **FOR:** | Hanover Specialty Insurance Brokers, Inc.  (Domestic State: VA) |

**NOTICE OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY**

| | |
|---|---|
| **TITLE OF ACTION:** | WILLIAM P. POLITO, Pltf. vs. THE HANOVER INSURANCE GROUP INC., etc., Dft. // To: Hanover Specialty Insurance Brokers, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Verification, Exhibit(s) |
| **COURT/AGENCY:** | Monroe County: Supreme Court, NY, Case # E2018001399 |
| **NATURE OF ACTION:** | Breach of Contract |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Certified Mail on 04/05/2018 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days (after/of) service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | William P. Polito 1124 BROOKTREE LN WEBSTER, NY, 14580 |
| **SIGNED BY:** | C T Corporation System 111 8th Ave Fl 13 New York, NY, 10011-5213 212-590-9070 |
| **ACTIONS:** | CT has retained the current log, Retain Date: 04/06/2018, Expected Purge Date: 04/11/2018 Image SOP Email Notification, Service of Process ogclitmail@hanover.com |

Click Here to access this service of process in real-time at CTAdvantage. You will be automatically routed to the SOP Hub (CT's new SOP application). Rest assured, you can access both your new and old processes here.

Or, Click Here to go to SOP Hub directly.

**Or** copy and paste the following URL into your web browser.
http://sop.ctadvantage.com/sophub/App/index.aspx#/search/BasicSearch/1/533101906

Information displayed on this notice is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

 CT Corporation