UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM P. POLITO,

                              Plaintiff,        DECISION AND ORDER

-vs-

                                           18-CV-6332 CJS

THE HANOVER INSURANCE GROUP,
INC. d/b/a The Hanover Insurance Group,
440 Lincoln Street Worcester MA 01653,

                              Defendant.

_____

INTRODUCTION

This action involves a contractual dispute over a homeowner's insurance policy. Defendant removed the action to this Court on the basis of diversity. Now before the Court is Plaintiff's motion to remand the action to state court. (Docket No. [#4]). The application is granted and the action is remanded to New York State Supreme Court, Monroe County.

BACKGROUND

Plaintiff is suing in connection with a homeowner's insurance policy bearing the "policy number" HNS A661560.[1] The policy documents bear the heading "The Hanover Insurance Group," and indicates that "COVERAGE IS PROVIDED IN THE THE [SIC] HANOVER INSURANCE COMPANY." In connection with the policy, Plaintiff received a "Privacy Policy Disclosure" which includes the statement:

> If you have questions about our customer privacy policy (including any applicable state-specific policies) or our online privacy statement, or if you would like to request information we have on file, please write to us at our Privacy Office, N435, The Hanover Insurance Group, Inc., 440 Lincoln Street, Worcester, MA 01653. Please provide your complete name, address and policy number(s). A copy of our Producer Compensation Disclosure is

---

[1] *See*, Docket No. [#4-1].

1

also available upon written request addressed to the attention of the Corporate Secretary, N435, The Hanover Insurance Group, 440 Lincoln Street, Worcester MA 01653.

***

This notice is being provided on behalf of the following Hanover Companies: The Hanover Insurance Group, Inc. -- Allmerica Financial Alliance Insurance Company – Allmerica Financial Benefit Insurance Company – Allmerica Plus Insurance Agency, Inc. -- Citizens Insurance Company of America – Citizens Insurance Company of Illinois --Citizens Insurance Company of the Midwest – Citizens Insurance Company of Ohio – Citizens Management, Inc. -- AIX Ins. Services of California, Inc. -- Campania Insurance Agency Co. Inc. -- Campmed Casualty & Indemnity Co. Inc. -- Chaucer Syndicates Limited – Educators Insurance Agency, Inc. -- Hanover Specialty Insurance Brokers, Inc. -- The Hanover American Insurance Company – *The Hanover Insurance Company* --The Hanover New Jersey Insurance Company – The Hanover National Insurance Company – Hanover Lloyd's Insurance Company – Massachusetts Bay Insurance Company – Opus Investment Management, Inc. -- Professionals Direct Insurance Services, Inc. -- Professional Underwriters Agency, Inc. -- Verlan Fire Insurance Company – Nova Casualty Company – AIX Specialty Insurance Company.

(emphasis added).

After Plaintiff's home suffered water damage purportedly due to a plumbing leak, Plaintiff received correspondence from both Hanover Insurance Group and Hanover Insurance Company. For example, Plaintiff received a letter, on stationery from "The Hanover Insurance Group," signed by "Jaime Mackay Outside Property Adjuster Hanover Insurance Company."[2] Plaintiff also received correspondence from "Dionysi McGowan, AIC-M, AINS, AIS, WRT/ASD Field Property Claims Unit Manager, The Hanover Insurance Group 440 Lincoln Street PO Box 15147 Worcester MA 01615."[3] Additionally, before

---

[2]Docket No. [#4-1] at pp. 43-44.

[3]Docket No. [#4-1], Exhibit C.

commencing this action, Plaintiff sent a copy of his proposed pleading to "The Hanover Insurance Group," at 440 Lincoln Street, PO Box 15147 Worcester, MA 01615.

On March 7, 2018, Plaintiff commenced this action in New York State Supreme Court, Monroe County. The Complaint indicates that Plaintiff is a resident of New York. Regarding Defendant's citizenship, the Complaint states:

> Upon information and belief, Defendant, The Defendant Hanover Insurance Group Inc., d/b/a The Hanover Insurance Group (herein, "Defendant" or "Defendant Hanover" or "The Insurer") is a Holding Corporation for several property insurance companies, the relevant one of which is the Hanover Insurance Company, and are New York Insurance Companies [sic] with principal places of business located in New York, and in Massachusetts at 440 Lincoln Street, Worcester MA, 01653.

Verified Complaint at ¶ 2. The Complaint purports to assert the following causes of action: 1) Breach of Contract; 2) Declaratory Judgment; 3) Breach of Contract - Breach of Implied Covenant of Good Faith and Fair Dealing; and 4) Breach of Contract - Breach of New York State Statutory Standard of Covenant of Good Faith and Fair Dealing. The Complaint demands, *inter alia*, $25,000 in compensatory damages on the First Cause of Action; $50,000 in punitive damages on the Third Cause of Action; and $50,000 in punitive damages on the Fourth Cause of Action. Attached to the Complaint are various exhibits (Exhibits A-D(2)), including a copy of the subject homeowner's policy.

On March 16, 2018, Plaintiff attempted to have the Summons and Complaint served through the Office of the New York Secretary of State, pursuant to Section 306 of the Business Corporation Law. The form that Plaintiff used to request such service indicated that the "entity or person to be served" was "HANOVER SPECIALTY INSURANCE BROKERS, INC.," whose agent was "CT CORPORATION SYSTEM 111 EIGHTH

AVENUE, NEW YORK, NEW YORK 10011."[4]  It appears that the New York Secretary of State, Division of Corporations, gave notice of such service to CT Corporation System, which in turn notified its principal, Hanover Specialty Insurance Brokers, Inc., which in turn notified Hanover Insurance Company.

On May 1, 2018, a "Petition for Removal" was filed by "Hanover Insurance Company."  In that regard, Hanover Insurance Company describes itself as "Defendant, Hanover Insurance Company, incorrectly sued herein as 'The Hanover Insurance Group, Inc., d/b/a The Hanover Insurance Group.'"  The purported basis for removing the action is diversity of citizenship.  In particular, the Petition for Removal indicates that Plaintiff is a citizen of New York, while Hanover Insurance Company is a New Hampshire corporation with its principal place of business in Massachusetts.

The removal took place 46 days after the Summons and Complaint were served on the New York Secretary of State.  Nevertheless, Hanover Insurance Company contends that removal is timely, because it occurred within 30 days of the date Hanover Insurance Company actually received notice of the lawsuit.  Hanover Insurance Company further suggests that the delay in removing the action "perhaps" may be attributable to Plaintiff having purportedly mis-identified Hanover Insurance Company as "The Hanover Insurance Group, Inc. d/b/a The Hanover Insurance Group," rather than "Hanover Insurance Company":

> Plaintiff's summons and complaint were served on the New York Secretary of State, as the statutory agent of Hanover Specialty Insurance Brokers, Inc., on March 16, 2018[.]  . . .  Perhaps due to the plaintiff's misidentification of the proper insurance defendant, Hanover Insurance Company did not receive the summons and complaint, however, until April 6, 2018.  A copy of the April 6, 2018 email Hanover received from its process agent, CT

---

[4]Docket No. [#4-1], Exhibit D.

Corporation, is attached[.] As such, removal of this action is timely under 28 U.S.C. § 1446(b)(1), as made within 30 days of the defendant's receipt of the plaintiff's summons and complaint. *See, Medina v. Wal-Mart Stores, Inc.*, 945 F.Supp. 519, 520-521 (WDNY 1996).

Petition for Removal at ¶ 3.

On May 4, 2018, Hanover Insurance Company filed an Amended Petition for Removal. The amendment appears to be limited to the addition of a statement that "the nominal defendant, The Hanover Insurance Group, Inc.," is a Delaware Corporation "headquartered in the State of Massachusetts."[5]

On May 31, 2018, Plaintiff filed the subject motion to remand this action to New York State Supreme Court, Monroe County. The motion purports to assert five separate objections to removal, however, several of those are variants of Plaintiff's primary contention that "Hanover Insurance Company," which removed the action, is not the entity being sued in this action. Plaintiff insists that he has properly named "The Hanover Insurance Group, Inc. d/b/a The Hanover Group" as the Defendant, and that Hanover Insurance Company has no standing to remove this action. Plaintiff further contends that the removal was untimely, since it was not accomplished within 30 days after service as required by 28 U.S.C. § 1446(b)(2)(B). Additionally, Plaintiff maintains that the Notice of Removal was procedurally defective because it did not include "a copy of all . . . pleadings" as required by 28 U.S.C. § 1446(a).

Hanover Insurance Company has not filed a response to the motion to remand. Shortly after Plaintiff filed the motion to remand, counsel for Hanover Insurance Company

---

[5]Plaintiff, a New York resident, may believe that Hanover Insurance Company is attempting to insert itself into this lawsuit in place of Hanover Insurance Group in order to establish diversity jurisdiction. The premise for that belief is that Hanover Insurance Company has diversity of citizenship, while Hanover Insurance Group does not. *See*, Verified Complaint at ¶ 2 (Indicating that Hanover Insurance Group has its principal place of business in New York). However, if the Amended Notice of Removal is correct, then both companies are diverse.

contacted the Court's Chambers, and inquired whether the Court would be issuing a motion scheduling order, as is its usual practice. Court staff indicated that before the Court decided whether it wished to have further briefing, it would review the issues being raised. Having now done that, the Court finds that remand is necessary due to a procedural defect that would not be cured by further submissions or briefing from Hanover Insurance Company.[6] Further, the Court agrees with Plaintiff that Hanover Insurance Company lacked standing to remove this action in the first place.

## DISCUSSION

### The Removal Statute Is Strictly Construed

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994)); *see also, Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001) ("[T]he removal statute, like other jurisdictional statutes, is to be strictly construed.").

> Subsection 1447(c) of Title 28 authorizes this Court to remand a case on the basis of any defect in the removal procedure. Although procedural flaws in removal petitions are not jurisdictional, a defendant seeking removal must strictly comply with all of the statutory procedural requirements. There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures. On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper. If the removing party fails to meet this burden, the case must be remanded.

---

[6]We are well past the 30-day window for removal established by 28 U.S.C. § 1446(b)(1).

*In re Vill. of Kiryas Joel, N.Y.*, No. 11 CIV. 8494 ER, 2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012) (citations and internal quotation marks omitted). "As a general rule, "[a]n order remanding a case ... is not reviewable on appeal or otherwise." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d at 212 (citing 28 U.S.C. § 1447(d)).

<u>Removal Was Procedurally Defective</u>

Plaintiff contends that the removal by Hanover Insurance Company was procedurally defective in two respects: First, it was untimely; and second, it failed to include the exhibits to the state court complaint. The Court disagrees with the first point, but agrees with the second point.

28 U.S.C. § 1446(b)(1) provides in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Hanover Insurance Company contends that removal was timely, since it actually received a copy of the Summons and Complaint on April 6, 2018, and filed a Notice of Removal less than thirty days thereafter.

Plaintiff counters that removal was untimely, since the notice of removal was filed more than 30 days after service on the New York Secretary of State as statutory agent. On this point, Plaintiff states: "If service on the Secretary of State on March 16, 2018 was proper service on the applicant as he contends, then the filing for Removal on May 1 and May 5, more than 50 days later, is untimely under 28 U.[S.] Code 1446(2)(B)."

However, courts in this Circuit have held that where service is made upon a defendant's statutory agent, such as the New York Secretary of State, the clock for removal does not begin to run until the defendant actually receives the summons and complaint from the agent:

7

> When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint. The rationale behind this rule is that, the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them.

*Boone v. Thane*, No. 07-CV-4358 SLT VVP, 2009 WL 910556, at *2 (E.D.N.Y. Mar. 31, 2009) (citations and internal quotation marks omitted); *see also, McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of New York*, No. 14-CV-6989 JPO, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) ("[T]he weight of authority (both within the circuit and elsewhere) holds that actual receipt by the defendant (or the defendant's actual agent) starts the clock for removal. And that makes sense, because statutory agents are not true agents but merely are a medium for transmitting the relevant papers.") (citations omitted). Accordingly, Plaintiff's contention that the removal was untimely because it occurred more than 30 days after service on the statutory agent lacks merit.

However, the removal was nevertheless defective because Hanover Insurance Company failed to comply with 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 81. In that regard, 28 U.S.C. § 1446, entitled "Procedure for removal of civil actions," states that the removing defendant "shall file" a notice of removal, "together with a copy of *all* process, pleadings, and orders served upon such defendant . . . in [the state-court] action." (emphasis added). Similarly, Rule 81 of the Local Rules of Civil Procedure, entitled "Removed Actions and Bankruptcy Appeals," states that "[a] party removing a civil action from state court to this Court must . . . file a notice of removal with the following attachments: . . . each document filed and/or served in the state court action[.]"

In the motion to remand, Plaintiff contends that Hanover Insurance Company's removal was procedurally defective, because the Petition for Removal did not include the exhibits attached to the state-court complaint. Moreover, both the Petition for Removal and the Amended Petition for Removal acknowledge that such exhibits were not filed. *See*, Petition for Removal and Amended Petition for Removal, both at ¶ 1 (Indicating that a copy of the state-court summons and complaint, "less exhibits," is attached as Exhibit A). Thus, both the Petition for Removal and the Amended Petition indicate that Hanover Insurance Company intentionally omitted the exhibits.

Clearly, the exhibits to Plaintiff's state-court complaint are part of the "pleading." *See*, Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Therefore, the failure by Hanover Insurance Company to include the exhibits to the state-court complaint is a violation of both 28 U.S.C. § 1446(a) and Local Rule 81. There are few reported cases addressing the precise issue presented, which is whether remand is required where the removing party fails to include all exhibits to the state-court complaint as part of the notice of removal. However, as noted earlier, courts are required to strictly interpret the removal statute. In *Catalina Corp. v. Pauma Band of Luiseno Indians*, No. 10cv1404–WQH–BLM, 2010 WL 4024895 (S.D.Cal. Oct. 12, 2010), the court granted the plaintiff's motion to remand, based upon the removing defendant's failure to include the exhibits to the state court complaint as part of the notice of removal. Notably, the district court remanded the action even though it found that the failure to include the exhibits was inadvertent, stating:

> Among the procedural requirements for removal is that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiff has demonstrated that Defendants failed to file in

9

> this Court the exhibits to the Complaint. An exhibit to a pleading is a part of the pleading. *See* Fed.R.Civ.P. 10(c). By failing to attach to the Notice of Removal the exhibits to the Complaint or otherwise filing with this Court the exhibits within thirty days after service of the Complaint, Defendants failed to comply with the procedural requirements for removal. *See* 28 U.S .C. § 1446(a).
>
> ***
>
> Even if district courts . . . were vested with discretion to overlook certain procedural defects, the Court would not exercise its discretion to overlook the defect in this case. A complaint, including attached exhibits, is the case-initiating document, and it is one of the few documents that constitute "pleadings." See 28 U.S.C. § 1446(a); see also Fed.R.Civ.P. 3, 7(a), 10(c). The Motion to Remand is granted.

*Catalina Corp.*, 2010 WL 4024895 at *3 (adding that, "there is no indication that Defendants intentionally omitted the exhibits from the Notice of Removal."). Other district courts have remanded actions for similar reasons. *See, Matter of Proceeding for Support Under Family Court Act*, No. 17-CV-6741 (JS)(AYS), 2017 WL 6327549, at *3 (E.D.N.Y. Dec. 11, 2017) ("[A]lthough Respondent's Notice of Removal, including exhibits, is comprised of eighty-two pages, he has failed to attach a copy of the "pleadings [ ] and orders" served upon him in the State Court case as is required by the removal statute. Accordingly, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c).") (footnote omitted); *but see, Hood Custom Homes, LLC v. Illinois Nat. Ins. Co.*, 2009 WL 1531784 (D.Or. May 26, 2009) (denying motion to remand, where removing defendant had failed to include exhibits to state-court complaint in notice of removal, finding that the failure to comply with the rule was "trivial" and did not prejudice the plaintiff).

Here, in accordance with the requirement to strictly construe the removal statute and to resolve all doubts in favor of remand, the Court finds that Plaintiff's motion to remand

must be granted due to Hanover Insurance Company's failure to comply with the relevant statute and rule.

### Hanover Insurance Company Also Lacks Standing to Remove

Additionally, the Court agrees with Plaintiff that Hanover Insurance Company lacks standing to remove this action, even though it claims to be the proper defendant. That is because Hanover Insurance Company is neither named in Complaint nor is appearing as the real party in interest for an entity that lacks the ability to be sued.

The removal statute only permits a "defendant" to remove an action to federal court. 28 U.S.C. § 1446. It is clearly established that an entity which is not actually named as defendant in the underlying state-court action lacks standing to remove the action to federal court. *See, e.g., JRA Holding, Inc. v. McCleary*, 100 F.3d 944 (2d Cir. Feb. 20, 1996) (table, unpublished) (citing § 1446(a) for the proposition that "only a defendant may remove an action"); *see also, Am. Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298–99 (S.D.N.Y. 1999) ("[A] non-party—even one that, like Nabisco, claims to be a real party in interest—has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal "by the defendant or defendants.") (collecting cases).

In *La Russo v. St. George's Univ. Sch. of Medicine*, 747 F.3d 90 (2d Cir. 2014), the Second Circuit recognized a narrow exception to the foregoing principle. In particular, the Second Circuit held that "a real party defendant in interest that owns and operates a non-juridical entity that was improperly sued in state court" may remove the action to federal court. *La Russo*, 747 F.3d at 92, 95. However, *La Russo* has no application to the instant case, since Hanover Insurance Company does not claim that "The Hanover Insurance Group, Inc. d/b/a/ The Hanover Insurance Group" is a non-juridical entity. Instead,

Hanover Insurance Company merely asserts that it is the "correct" defendant to be sued. Plaintiff, though, has chosen to sue a different entity, even though he is fully aware that the subject policy refers to Hanover Insurance Company. *See*, Verified Complaint at ¶ 2 (Asserting that Defendant "is a Holding Corporation for several property insurance companies, the relevant one which is the Hanover Insurance Company."). It is Plaintiff's prerogative to choose the entity he wishes to sue in this action, and he has chosen to sue The Hanover Insurance Group. Accordingly, Hanover Insurance Company lacks standing to remove this action from state court.

Plaintiff's Demand for Sanctions

Included within Plaintiff's notice of motion [#4] is a demand for "costs, disbursements and the reasonable value of the time expended by the plaintiff attorney." The relevant statute, 28 U.S.C. § 1447(c), states, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> Absent unusual circumstances, however, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Further, when a court exercises its discretion in this manner, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under Section 1447(c), which include disincentivizing actions that delay resolution of the case, impose additional costs on both parties, and waste judicial resources.

*CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (citations and internal quotation marks omitted). Here, Plaintiff has not made a compelling argument that Hanover Insurance Company lacked an objectively reasonable basis for seeking removal. Indeed, it could ultimately turn out that such company is actually the correct entity to be sued in connection with the subject policy, even though it is not

presently a defendant. Nor has Plaintiff identified any particular costs or disbursements that were actually incurred. Accordingly, Plaintiff's request for costs and expenses is denied.

## CONCLUSION

Plaintiff's motion to remand [#4] is granted, and this action is remanded to New York State Supreme Court, Monroe County. Plaintiff's request for costs, disbursements and attorney fees is denied. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:  Rochester, New York
        July 26, 2018

                                ENTER:

                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge